[No. 38951.    Department One.    March 7, 1968.]

C. W. Creelman, *Appellant,* v. The State Board of Registration for Architects, *Respondent.*\*

C. W. *Creelman,* pro se.

*The Attorney General* and *Edward B. Mackie, Assistant,* for respondent.

Weaver, J.—Between 1955 and 1961, C. W. Creelman passed all portions of the 7-part examination given by the Washington State Board of Registration for Architects except the 1960 and 1961 "Design" section of the examination. All portions of the examination must be passed within 5

\*Reported in 438 P.2d 215.

years. At his request, the board reviewed the examinations with him at least four times over a period of 2 years.

September 25, 1962, Mr. Creelman filed a petition with the Director of Licenses to be registered as an architect, notwithstanding the fact that the board had not certified him because he had not successfully passed the entire architectural examination.

January 7, 1963, the Director of Licenses caused an administrative hearing to be held pursuant to RCW 43.24.010. A qualified hearing examiner presided. All members of the State Board of Registration for Architects were present. Counsel for Mr. Creelman called upon each member of the board to testify.

After an extensive hearing and a detailed summary by the hearing examiner, the board entered an order on July 12, 1963, in which it stated its technical reasons why Mr. Creelman's examinations did not meet established standards. In 1960, his design of a house failed to meet the necessary requirements because of "over area." The 1961 examination required the design of a doctor's office and clinic. Mr. Creelman's design did not receive a satisfactory grade because of inadequate "patient control," perspective, and ventilation. The board denied Mr. Creelman's certification and held that the Director of Licenses could not issue a certificate of registration to him.

August 6, 1963, Mr. Creelman commenced the present lawsuit against the board. The main thrust of the complaint was that the board had been arbitrary and capricious because it judged the examination designs upon subjective considerations involving aesthetics, individual taste, and discretion, rather than upon the objective standards of safety and health as prescribed by RCW 18.08. He contends this deprived him of constitutional rights and was in excess of the board's statutory authority.

February 23, 1966, the trial court entered findings of fact, conclusions of law, and judgment dismissing plaintiff's complaint.

The court concluded (1) that this action is governed by the Administrative Procedure Act, RCW 34.04; (2) that the

board is empowered by RCW 18.08 to use subjective examination questions and did not exceed its statutory authority when it considered "aesthetics of design" in grading solutions of examination problems in "design"; and (3) that the court is bound by the determination of the board made after the administrative hearing.

Mr. Creelman, appearing pro se on appeal, assigns error only to the second and third conclusions of law as we have consolidated them above.

█ Under its inherent police power, the state has the right to regulate any activity to safeguard life, health, and property and to promote the public welfare. Thus, the state provided for licensing architects who have passed the required examination. RCW 18.08.100. Mr. Creelman does not contend that the field is one not subject to licensing. The applicant for a license is protected by at least two statutory regulations: (1) the board of examiners must be qualified; and (2) the examinations given by the board must be within the limits of statutory requirements.

The statute requires that each member of the State Board of Registration for Architects must have been a resident of this state for at least 8 years; and that immediately preceding his appointment he must have had at least 8 years' experience in the practice of architecture as a licensed architect in responsible charge of architectural work or responsible charge of architectural teaching. RCW 18.08.120.

The competency of the board is not questioned by Mr. Creelman; however, he urges that it (a) was arbitrary and capricious and (b) exceeded its statutory power when it determined that his design did not meet aesthetic standards.

The record, as it appeared in the administrative hearing, does not support the first contention. It is apparent that the board, grading his examination under an unidentified number, gave it the same consideration and used the same criteria applied to all other examinations.

The statute does not support Mr. Creelman's second contention. RCW 18.08.110 provides in part:

The terms "architecture" and "practice of architecture" as used in this chapter mean professional service consisting in whole or in part of consultation concerning floor planning, the *aesthetic* or structural design of private or public buildings, their equipment or utilities and the responsible supervision of construction or the repair or alteration of buildings, by persons or firms offering such service for a fee. (Italics ours.)

The statute authorizes the board to consider the aesthetics of design, which, as the trial court found, empowered the board to "exercise its descretion in matters of aesthetics."

Further, in *Stoor v. Seattle*, 44 Wn.2d 405, 267 P.2d 902 (1954), this court suggested that subjective criteria can be used, if necessary, to ascertain the qualifications of an applicant.

■ It is not the constitutional province of the judiciary to determine whether licenses should be issued by the executive branch of government or one of its administrative agencies. *Household Finance Corp. v. State*, 40 Wn.2d 451, 244 P.2d 260 (1952). The issuance of a license to practice in a technical or professional field is essentially an executive and administrative function. We are not, and cannot be, experts in the technical fields. Our job is to see that statutory and constitutional requirements and prohibitions have not been violated.

In *Reiger v. Seattle*, 57 Wn.2d 651, 653, 359 P.2d 151 (1961), this court quoted with approval from *In re Harmon*, 52 Wn.2d 118, 120, 323 P.2d 653 (1958):

". . . Agencies exercising essentially administrative functions may, among other things, act as fact-finding bodies to ascertain qualifications of an applicant for a license; . . . If the power exercised by the agency is essentially administrative, the superior court, upon appeal provided by statute, is limited to a consideration of whether the agency acted arbitrarily, capriciously, or contrary to law. *Household Finance Corp. v. State*, 40 Wn. (2d) 451, 244 P. (2d) 260 (1952)."

■ Although this is an independent action and not a statutory request for judicial review under the Administra-

tive Procedure Act, we are governed by the same rules of review.

The area of judicial concern, both in the trial court and on appeal to this court, is defined by RCW 34.04.130:

(6) The court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse the decision if the substantial rights of the petitioners may have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(a) in violation of constitutional provisions; or

(b) in excess of the statutory authority or jurisdiction of the agency; or

(c) made upon unlawful procedure; or

(d) affected by other error of law; or

(e) unsupported by material and substantial evidence in view of the entire record as submitted; or

(f) arbitrary or capricious.

The evidence in the record before us violates none of these statutory requirements.

The judgment is affirmed.

FINLEY, C. J., ROSELLINI and HALE, JJ., and LANGENBACH, J. Pro Tem., concur.

---

April 23, 1968. Petition for rehearing denied.