[No. 45326. En Banc. November 22, 1978.]

A. W. BOCK, *Appellant,* v. STATE BOARD OF PILOTAGE COMMISSIONERS, *Respondent.*

*Jacob A. Mikkelborg* and *Douglas M. Duncan* (of *Moriarty, Long, Mikkelborg & Broz*), for appellant.

*Slade Gorton, Attorney General,* and *Walter S. Tabler* and *Richard L. Kirkby, Assistants,* for respondent.

HOROWITZ, J.—Appellant A. W. Bock appeals the dismissal of his petitions for writs of mandamus and prohibition to the State Board of Pilotage Commissioners to compel it to issue him a pilotage license. The court below dismissed the petition and quashed writs issued ex parte on the ground appellant's petition failed to state a claim upon which relief may be granted. We affirm the dismissal on the ground the suit is governed by the administrative procedures act and appellant failed to comply with the statute, depriving the court below of jurisdiction.[1]

Captain Bock was one of two applicants for a pilotage license for Puget Sound who took the mandatory examination administered by the State Board of Pilotage Commissioners (the Board) in early June 1975. The Board notified appellant by letter later that month that he had failed the examination. At appellant's request he reviewed his examination answers with the Board. The Board denied his request for access to the entire record of the July examinations, however, which apparently included a request for the answers and grades of the other, successful, candidate. Appellant thereafter filed a suit to compel disclosure of the additional records under public disclosure laws. The parties ultimately settled that suit by agreeing to appoint a neutral

---

[1]Although the grounds stated by the court below were not the proper grounds, we will affirm a judgment if there are alternative grounds presented by the pleadings and record which support the decree. *Northern Pac. R.R. v. State Util. & Transp. Comm'n,* 68 Wn.2d 915, 416 P.2d 337 (1966).

arbitration panel to review and evaluate the contents and grading procedure of the exam.

The review panel consisted of three retired senior Coast Guard officers, men of obvious experience and expertise. Their thorough review of the substance, procedure and results of the examination concluded the contents and format of the examination were excellent. The Board examiners tended to "lean over backwards" to give high scores, however, at times awarding scores that exceeded the highest authorized score for the particular question. As a result the Board's grading system was found to be flawed by irregularities and ambiguities. With regard to the performance of the two license applicants taking the examination, the panel concluded *both* failed to achieve passing scores, even though one of them (not Captain Bock) had been passed and issued a license. The panel concluded the "quantity of incorrect and incomplete material in their written examinations and the paucity, of correct and complete response given *voluntarily* to situation questions contained in the oral examination are sufficient cause to question their competence at the time the examination was given." The report was dated June 24, 1976.

Following the report of the panel, the Board notified appellant Bock through his counsel, by letter dated August 12, 1976, that the Board would take no further action on appellant's case. Appellant describes the Board's position at that time as declining to issue him a pilotage license "based on the review panel's report." On October 4, 1976, 53 days after the date of the Board's letter, appellant filed a petition for alternative writs of mandamus, prohibition and declaratory judgment in the Superior Court for King County, alleging the Board's action was arbitrary and capricious and violated the privileges and immunities clause of the constitution. The requested writs were issued ex parte that day.

The Board answered the petition, denying it acted in an arbitrary, capricious or unconstitutional manner, and asserting it could not legally issue appellant a license when

he had failed to pass the required examination. The Board also alleged appellant had failed to state a proper claim upon which relief could be granted. The Board then moved to quash the writs and dismiss the petition. The court properly treated the motion as one for judgment on the pleadings. *See Stevens v. Murphy,* 69 Wn.2d 939, 421 P.2d 668 (1966). The court found the petition failed to state a claim upon which relief could be granted and dismissed the action and quashed the writs on that ground. Captain Bock's appeal from this judgment was certified to this court.

The Board raises for the first time on appeal the defense that the court below had no jurisdiction over this matter, a defense preserved on appeal by RAP 2.5(a)(1). The Board contends the action is governed by the administrative procedures act (the APA), RCW 34.04, and that appellant failed to seek review of the Board's action within 30 days as required by RCW 34.04.130(2). Appellant initially denied the APA applies to actions of the State Board of Pilotage Commissioners, but conceded at oral argument that it does. By the clear terms of that act, its procedures apply to all agencies not specifically excluded. RCW 34.04.150. Any state board or commission authorized to make rules comes within the act's definition of agency. RCW 34.04.010(1). The State Board of Pilotage Commissioners, authorized to make rules and regulations by RCW 88.16.030, falls within this definition. Thus, the APA on its face applies to actions of the Board.

Judicial review of agency action under the APA is governed by RCW 34.04.130. That section provides that review of a "final decision" must be instituted by the filing of a petition within 30 days after service of the final decision.

■ Since the APA applies to Board action, the central issue raised by this appeal is whether the Board's letter to appellant Bock of August 12, 1976, informing him the Board would take no further action on his case, was a "final decision" for which appellant could seek judicial review under RCW 34.04.130. If it was such a decision, appellant's

action for extraordinary writs would be barred, for review of agency decisions covered by the APA may be obtained solely under that statute. RCW 34.04.130(1). Furthermore, the statutes governing the extraordinary writs of mandamus and prohibition allow the issuance of those writs only "where there is not a plain, speedy and adequate remedy in the ordinary course of law." RCW 7.16.170 and RCW 7.16-.300. Appellant's loss of the remedy provided by the APA through failure to file a timely petition for review does not render that remedy inadequate, or give rise to a right to extraordinary writs. *See State ex rel. Whitten v. Spokane,* 92 Wash. 667, 669, 159 P. 805 (1916). Therefore, if APA review was available, the extraordinary writs were not.

■ Appellant contends that, regardless of the APA, courts have jurisdiction to review the alleged arbitrary and capricious acts of licensing agencies upon a petition for an extraordinary writ. He relies principally on *Creelman v. Board of Registration,* 73 Wn.2d 298, 438 P.2d 215 (1968), and *Standow v. Spokane,* 88 Wn.2d 624, 564 P.2d 1145 (1977). We cannot agree that these cases support a conclusion directly contradicting the clear language of the statutes. In *Creelman* the court below had concluded the action was governed by the APA. Noting the action was not taken under that act, this court treated it as if it had been properly taken and applied the APA rules of judicial review. The time requirements of RCW 34.04.130 were complied with in that case, and no question of jurisdiction was raised. *Standow v. Spokane, supra,* is also distinguishable from the instant case. In *Standow* the court concluded an extraordinary writ was proper because the action at law (for damages) was inadequate. No such circumstance is present here.

With regard to the central issue in this case, whether the Board issued a "final decision" for which appellant could have sought review, appellant maintains there was no such decision. Thus, appellant claims, review under the APA was not available and extraordinary writs are appropriate. The Board, however, maintains its letter of August 12, 1976, was

such a final decision, and appellant Bock was required to comply with the procedures set out in the APA for obtaining review.

In *Department of Ecology v. Kirkland,* 84 Wn.2d 25, 523 P.2d 1181 (1974), this court adopted the federal approach to defining a "final decision" within the meaning of RCW 34.04.130. We held that an administrative order is reviewable under the APA when it imposes an obligation, denies a right, or fixes a legal relationship as a consummation of the administrative process. *Department of Ecology v. Kirkland, supra* at 30. A reasonable interpretation of the letter from the Board informing appellant it would take no further action on his application for a license is that it was both a denial of a right (to hold a license) and the fixing of a legal relationship as a consummation of the administrative process (denial of the application for a license based on the July 1975 examination). Thus it qualifies under the test adopted in *Kirkland* as a final decision within the meaning of RCW 34.04.130.

It may be argued that this letter was too informal to constitute proper notice of a final decision of the Board. Certainly it would be preferable to issue a formal denial of a license or other appropriate order to remove any doubt regarding the significance of a Board communication. In this case, however, the absence of such procedural niceties was harmless, and in holding the letter was a final decision we do not impose an unduly harsh result on appellant. Both parties understood the letter to be notice of the Board's refusal to issue appellant a license on the ground he had not satisfactorily passed the examination. Appellant admits as much in his brief, in his statement that the Board "declined to issue Captain Bock a pilotage license." Furthermore, both parties acted as if it were such a final decision—the Board by ceasing consideration of appellant's application, and appellant by taking this delayed action to compel a different result. Appellant cannot now complain the Board took no final decision. We conclude the August 12 letter was a final decision of the Board which was

reviewable under the APA, and appellant was required to comply with the procedures set out in that act for filing a petition for review.

As noted above, under RCW 34.04.130(2) a petition for review of the Board's action must be filed within 30 days after the service of the Board's final decision. Appellant's action in this case, even were we to treat it as a proper petition for review under the APA, was not begun until October 4, 1976, a full 53 days after the date of the Board's letter. The court below thus had no jurisdiction to review the Board's action, and should have dismissed the action on that ground.

In dismissing this action on procedural grounds, we are not unmindful of the fact that Captain Bock's petition alleged serious improprieties in the Board's conduct. We do not consider these allegations on the merits, nor imply any conclusion in that regard. The Board is required by RCW 88.16.030 to establish qualifications of pilots, administer competitive examinations and issue licenses so as to ensure efficient and competent pilotage. The Board has considerable discretion in carrying out these duties. *State ex rel. Sater v. State Bd. of Pilotage Comm'rs,* 198 Wash. 695, 90 P.2d 238 (1939). In exercising its discretion, however, it must not act in an arbitrary or capricious fashion, or with improper motives. *State ex rel. Sater, supra* at 700. The Board thus has a duty to compose, administer and grade its examinations in a fair and consistent manner. Allegations of impropriety or unfairness in this regard must be raised, however, within the procedures prescribed by law. In this case the procedure is prescribed by the APA and jurisdiction can be obtained only under that act.

Affirmed.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, UTTER, BRACHTENBACH, DOLLIVER, and HICKS, JJ., concur.

Reconsideration denied January 4, 1979.