[No. 4564-1-III.   Division Three.   May 25, 1982.]

ALFRED HUGUENIN, *Appellant,* v. THE DEPARTMENT
OF EMPLOYMENT SECURITY, *Respondent.*

*Catherine M. Merrill, Helen D. Hokom,* and *James Young* of *Spokane Legal Services Center,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Narda Pierce* and *John M. Sells, Assistants,* for respondent.

MUNSON, J.—Alfred Huguenin appeals a denial of unemployment benefits. We affirm.

Since 1975, Mr. Huguenin had been employed as a logger working as a "right-of-way cutter", cutting and bucking as

few as 10 to 12 trees per day on generally flat terrain only 37 miles from his home in Colville. When right of way work ended, instead of laying off Mr. Huguenin as he had done previously, the employer chose to transfer him to a crew which cut and bucked considerably more trees daily in steeper terrain at a jobsite some 80 miles from Colville. After working 3 hours, Mr. Huguenin quit. When he applied for unemployment benefits, he told the interviewer he quit because the jobsite was "too far to go for pay." On part D of the form, in response to the question, "[w]hy do you think it was necessary for you to quit?", Mr. Huguenin stressed the driving distance in relation to pay and cost of driving. Mr. Huguenin did not list a medical reason for quitting. He was disqualified from benefits and requested a hearing, at which time he argued he quit because of back pain caused by riding to and from the job.

The appeal tribunal concluded Mr. Huguenin quit because of the inconvenience of the drive rather than back problems and that long drives were inherent and customary in logging. This decision was affirmed by both the Commissioner of the Employment Security Department and the Stevens County Superior Court. We affirm.

Mr. Huguenin argues this case presents a mixed question of law and fact and thus should be reviewed de novo by this court. *Leschi Imp. Coun. v. State Hwy. Comm'n,* 84 Wn.2d 271, 525 P.2d 774 (1974). We disagree. In Mr. Huguenin's view, any time an administrative agency makes a determination of fact and applies a statutory standard to the fact, a question of law and fact is presented. Under that rationale, every agency decision would be a mixed question of law and fact to be reviewed de novo, and no agency action would ever be reviewed under either the arbitrary and capricious or clearly erroneous standards of RCW 34.04.130(6)(e) and (f).

■■ Whether Mr. Huguenin left his job because of travel distance or medical problems is purely a factual question. The agency may determine only that "a phenomenon has happened . . . independent of . . . any assertion

as to its legal effect."'" *Leschi Imp. Coun. v. State Hwy. Comm'n, supra* at 283.[1] *See also Pryse v. Yakima Sch. Dist. 7,* 30 Wn. App. 16, 632 P.2d 60 (1981). An issue of fact is reviewed to determine whether the administrative findings are "clearly erroneous in view of the entire record as submitted and the public policy contained in the act of the legislature authorizing the decision or order; . . ." RCW 34.04.130(6)(e); *Leschi Imp. Coun. v. State Hwy. Comm'n, supra* at 282.

Because the purpose of unemployment benefits is to protect those who become unemployed "through no fault of their own," RCW 50.01.010, we must decide whether, from the evidence, it appears the hearing examiner erred. *Farm Supply Distribs., Inc. v. State Utils. & Transp. Comm'n,* 83 Wn.2d 446, 518 P.2d 1237 (1974). This court will reverse only if it is left with the definite and firm conviction a mistake has been made. *Ancheta v. Daly,* 77 Wn.2d 255, 259, 461 P.2d 531 (1969); *Standow v. Spokane,* 88 Wn.2d 624, 564 P.2d ,1145, *appeal dismissed,* 434 U.S. 992, 54 L. Ed. 2d 487, 98 S. Ct. 626 (1977).

Testifying at his hearing, Mr. Huguenin stated the distance did not matter and he did not have to pay for gas but that he quit because the long ride made his back hurt. When asked, however, why he did not mention his back when filling out the claim form, he replied that he had told the interviewer, but she had simply failed to put it down. The hearing examiner then questioned the interviewer who stated she normally wrote down any ailment given as a reason for quitting. Based on this conflict and the importance Mr. Huguenin placed on his ailment, the examiner concluded the statements made when the claim was filed were more credible. This conclusion was adopted by the Employment Security Department Commissioner who also had Mr. Huguenin's medical file which shows various work-related injuries dating back to 1963. Upon these facts, we

---

[1]*See Franklin Cy. Sheriff's Office v. Sellers,* 97 Wn.2d 317, 646 P.2d 113 (1982).

do not have a "definite and firm conviction that a mistake has been committed.'" *Ancheta v. Daly, supra* at 259–60. To be sure, we do not doubt that Mr. Huguenin actually has a back problem or that the long ride and harder work exacerbated the injury. However, the record discloses Mr. Huguenin, prior to obtaining counsel, ably represented himself. He is an articulate and forthright person who is well able to present his position. His statements on his original application for benefits must be given great weight.

The Employment Security Department found Mr. Huguenin did not quit his job for medical reasons, but quit because he did not like the long drive involved in his work. We hold the Department's decision was not clearly erroneous and therefore affirm.

McINTURFF, C.J., and GREEN, J., concur.