# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION  II

JOHN GARRETT SMITH,

        Appellant,

    v.

ANTHONY GOLIK,

        Respondent.

No.  55531-0-II

UNPUBLISHED OPINION

PRICE, J. — John G. Smith appeals the superior court's CR 12(b)(6) order dismissing his petition for a writ of mandamus to enforce the Public Records Act (PRA)[1].  We determine that a writ of mandamus is not a proper remedy to enforce the PRA and affirm the superior court's dismissal.

## FACTS

Smith made a public records request, dated December 29, 2019, addressed to the Clark County Prosecuting Attorney's Office requesting a number of items related to a cell phone recording used as evidence in a previous criminal trial.  Related to that PRA request, on February 7, 2020, Smith filed a "Petition for Emergency Writ of Mandamus" requesting that Clark County Prosecuting Attorney Anthony Golik be required to turn over "the actual contents of [the] voice

---

[1] Ch. 42.56 RCW.

mail" on Smith's phone pursuant to the PRA. Clerk's Papers (CP) at 5. Following a number of allegations, the petition concluded:

> Court should Order Mandamus disclosure of the actual iPHONE recording at once. The Public Records Act renders this the non-discretionary Duty of the Court.

CP at 6.

Golik filed a motion to dismiss under CR 12(b)(6), arguing that (1) Smith failed to perfect service, (2) a writ of mandamus was not a proper mechanism to enforce a public records request, and (3) Smith had failed to meet the standard to grant a writ of mandamus. The superior court granted Golik's motion to dismiss.

Smith appeals.

## ANALYSIS

Smith argues that the trial court erred in dismissing his petition for a writ of mandamus to enforce his PRA claim. We determine that a writ of mandamus is not the appropriate remedy for an alleged violation of Smith's PRA claim and affirm the superior court's dismissal.

### I. LEGAL PRINCIPLES

Whether a trial court properly dismissed a claim under CR 12(b)(6) is a question of law we review de novo. *Jackson v. Quality Loan Serv. Corp.*, 186 Wn. App. 838, 843, 347 P.3d 487 (2015).

A writ of mandamus is an extraordinary remedy that compels performance of a governmental duty. *Hood Canal Sand & Gravel, LLC v. Goldmark*, 195 Wn. App. 284, 304, 381 P.3d 95 (2016). Not all duties will support a writ of mandamus; the duty must be ministerial, not discretionary. *Id.* A writ of mandamus may be issued "only 'where there is not a plain, speedy

and adequate remedy in the ordinary course of law.' " *Bock v. State*, 91 Wn.2d 94, 98, 586 P.2d 1173 (1978) (quoting RCW 7.16.170 and RCW 7.16.300).

Our review of a decision concerning a writ of mandamus is subject to two standards of review depending on the question examined. *Cost Mgmt. Servs., Inc. v. City of Lakewood*, 178 Wn.2d 635, 648-49, 310 P.3d 804 (2013). First, we review de novo whether "a statute specifies a duty such that mandamus may issue." *Id.* at 649. Second, we review " '[w]hether there is a plain, speedy, and adequate remedy in the ordinary course of the law' " for an abuse of discretion. *Id.* (alteration in original) (quoting *River Park Square, LLC v. Miggins*, 143 Wn.2d 68, 76, 17 P.3d 1178 (2001)).

## II. APPLICATION

From the face of his petition, Smith is attempting to have his complaints about his PRA request addressed through a mandamus action. Simply put, writ of mandamus is not the appropriate remedy for Smith.

A mandamus action may not be maintained where there is a "plain, speedy and adequate remedy." RCW 7.16.170. The PRA, itself, affords Smith such a remedy to have his alleged PRA violations addressed. RCW 42.56.080; *Progressive Animal Welfare Soc. v. Univ. of Wash.*, 125 Wn.2d 243, 250-53, 884 P.2d 592 (1995). Under the PRA, where an agency fails to properly provide a requester with the record, the requestor may bring an action to compel production. RCW 42.56.550. Smith could bring an action against Golik under the PRA to compel disclosure of the voicemail.

Because there is a plain, speedy, and adequate remedy at law for Smith's complaints, a writ of mandamus is not a proper remedy. Accordingly, we affirm the superior court's dismissal of Smith's petition.[2, 3]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
PRICE, J.

We concur:

_____
GLASGOW, C.J.

_____
MAXA, J.

---

[2] Smith and Golik also devote portions of their briefing to issues of service and access. Golik, for example, says that Smith failed to effectuate service. Smith appears to argue that his access to hearings was impeded because of his custody status. Although it appears some of these issues may be rooted in misunderstandings about both service rules and custody requirements, we do not address them because the fundamental unavailability of the mandamus remedy here is dispositive.

[3] Golik requests that Smith be sanctioned for his numerous flagrant misrepresentations in his brief. At this time, we decline to award sanctions.