Reconsideration denied August 27, 1999.
Review denied at 140 Wn.2d 1007 (2000).

[No. 41321-0-I.    Division One.    July 12, 1999.]
ALLEN J. BROWER, ET AL., *Appellants*, v. PIERCE COUNTY, *Respondent*.

*Dennis D. Reynolds* and *Mark S. Davidson* of *Williams, Kastner & Gibbs P.L.L.C.*, for appellants.

*John W. Ladenburg, Prosecuting Attorney*, and *Daniel R. Hamilton, Deputy*, for respondent.

Cox, J. — Pam and Allen Brower appeal the summary dismissal of their damages action pursuant to RCW 64.40[1] against Pierce County. Notwithstanding the County's suggestion to the contrary, we hold that the Browers timely filed their notice of appeal. But the exhaustion of their administrative remedy through the hearing examiner provided them adequate relief. Consequently, they have no cause of action against the County. We affirm.

In October 1995, the Browers filed a short plat application with the Pierce County Planning and Land Services Department (PALS). They sought approval to divide their 10-acre parcel of property into two 5-acre tracts. Their application triggered wetlands review under the Pierce County Wetland Management Regulations.[2]

---

[1]This chapter grants a cause of action to owners of real property against government agencies for acts that are arbitrary, capricious, or unlawful.

[2]Pierce County Code (PCC) 17.12.

Access to the two lots is over an existing road and bridge. The maintenance or reconstruction of existing roads is exempt from wetlands review.[3] The Browers assumed that the necessary reconstruction of the bridge and the clearing and regraveling of the road would be exempt. But PALS determined that there was no existing road, only a dirt path that would have to be expanded if it were to be used as an access road.[4] Accordingly, PALS determined that work on the road was not exempt from wetlands review.

In denying the Browers' exemption, PALS relied primarily on the report of Lenore Marken, the PALS environmental biologist assigned to inspect the Browers' property. The express purpose of Marken's inspection was to determine the presence of any preexisting vehicular access road to the back portion of the Browers' property. After completing her inspection, Marken concluded that there was a "path" or a "walkway" but no vehicular access road. Therefore, PALS denied the requested exemption.

The Browers appealed to the Pierce County Hearing Examiner. The hearing examiner concluded that the road construction activities were exempt from wetland review and reversed.

Thereafter, the Browers sued Pierce County. They sought damages under RCW 64.40 and 42 U.S.C. §§ 1983 and 1988 for the expense of delay and other harms they allegedly suffered between the time that PALS denied their exemption and the time the hearing examiner reversed that decision. The trial court summarily dismissed these claims and denied the Browers' motion for reconsideration.

The Browers appeal.

## I. Timeliness of Appeal

■■ Pierce County raises a threshold issue—the timeli-

---

[3]PCC 17.12.050(F), (H).

[4]PCC 17.12.050(H) exempts from wetlands review, "[a]ctivities on improved portions of roads, rights-of-way or easements, *provided there is no expansion of ground coverage.*" (Emphasis added.)

ness of this appeal. The County claims that the Browers failed to file their notice of appeal within 30 days of the entry of the summary judgment order dismissing their claims and that they failed to serve their motion for reconsideration within 10 days of entry of that order. The record demonstrates otherwise.

The application of court rules to a particular set of facts is a question of law that we review de novo.[5] A necessary prerequisite to appellate jurisdiction is the timely filing of the notice of appeal.[6] An appellant generally has 30 days from the entry of judgment to file its appeal.[7] But if a timely motion for reconsideration is served and filed, the notice of appeal must be filed within 30 days of the entry of the order resolving that motion.[8] Appeal of the latter order brings the underlying judgment up with it for review.[9] Thus, the effect of filing such a motion is to postpone the running of the 30-day appeal period for review of the judgment on the merits until the motion is resolved by an order.[10]

Here, the court entered the order granting Pierce County's motion for summary judgment on August 11, 1997. The Browers filed their motion for reconsideration on August 18. The County argues that the Browers served their motion on the County by fax 10 days after entry of the order granting summary judgment. It claims that service of process was, therefore, untimely and ineffectual since the court rules do not authorize service by fax. But the Stipulation and Order Regarding Additional Evidence on Review, filed with this court on April 10, 1998, shows that the Browers served the County by legal messenger on

---

[5]*State v. Branstetter*, 85 Wn. App. 123, 127, 935 P.2d 620, *review denied*, 132 Wn.2d 1011 (1997).

[6]*Deschenes v. King County*, 83 Wn.2d 714, 716, 521 P.2d 1181 (1974).

[7]RAP 5.2(a).

[8]RAP 5.2(e).

[9]*Buckner, Inc. v. Berkey Irrigation Supply*, 89 Wn. App. 906, 911-12, 951 P.2d 338 (1998).

[10]*Id.* at 912.

August 19, less than 10 days after entry of the order.[11] Because the Browers filed and properly served their motion within 10 days of entry of the order, it was timely.[12]

The superior court denied the motion for reconsideration by order entered August 26, 1997. The Browers then filed their notice of appeal of that order as well as of the original order granting summary judgment on September 22. Having filed their notice of appeal within 30 days of entry of the superior court's order denying their motion for reconsideration, the Browers timely filed their appeal.[13] We proceed to the merits of the case.

## II. Right of Action under RCW 64.40.020

The Browers claim that PALS' denial of their wetlands exemption is actionable under RCW 64.40.020. We hold that the hearing examiner's grant of the exemption from wetlands review provided the Browers adequate relief. Thus, they have no cause of action.

■ We may affirm an order granting summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.[14] We consider all facts and reasonable inferences in the light most favorable to the nonmoving party.[15] We review questions of law de novo.[16]

■ A precondition to the bringing of a claim is provided for by RCW 64.40.030, which states, "Any action to assert claims under the provisions of this chapter shall be com-

---

[11]RAP 9.11.

[12]CR 59(b).

[13]RAP 5.2(a).

[14]CR 56(c); *Hutchins v. 1001 Fourth Ave. Assocs.*, 116 Wn.2d 217, 220, 802 P.2d 1360 (1991).

[15]*Mountain Park Homeowners Ass'n v. Tydings*, 125 Wn.2d 337, 341, 883 P.2d 1383 (1994).

[16]*Mains Farm Homeowners Ass'n v. Worthington*, 121 Wn.2d 810, 813, 854 P.2d 1072 (1993).

menced only within thirty days after all administrative remedies have been exhausted." A corollary to the exhaustion requirement is that the relief granted by the administrative remedy must be inadequate.[17]

Thus, the central question we must decide is whether the appeal to the hearing examiner provided adequate relief. We hold that adequate relief was provided.

Exhaustion of administrative remedies is generally required where an agency has defined mechanisms for resolving a complaint and the administrative process can provide the relief sought.[18] In *Smoke*, Seattle denied certain building permits, and the landowners brought an action for damages under RCW 64.40. Our Supreme Court excused Smoke's noncompliance with the exhaustion requirement because the administrative remedy—a " 'director's interpretation' "—could not provide "adequate relief."[19] Smoke sought reversal of Seattle's denial of the master use permit, a remedy the director's interpretation could not provide.

In contrast to *Smoke*, the administrative relief available here provided the Browers the very relief they sought, exemption from wetlands review. The hearing examiner granted them that relief at the conclusion of the administrative appeal. The record before us does not indicate that the Browers sought anything more at the administrative hearing than the exemption that they received.

Citing *Mission Springs, Inc. v. City of Spokane*,[20] the Browers next argue that RCW 64.40.020 entitles them to damages despite having received a favorable administrative remedy. We disagree.

There, the Spokane City Council refused to issue certain construction and grading permits to which Mission Springs, a land developer, had vested rights. Within weeks of that refusal, Mission Springs filed a complaint seeking, among

---

[17]*See Smoke v. City of Seattle*, 132 Wn.2d 214, 223-24, 937 P.2d 186 (1997).

[18]*Id.* at 224.

[19]*Smoke v. City of Seattle*, 132 Wn.2d 214, 220, 226, 937 P.2d 186 (1997).

[20]134 Wn.2d 947, 954 P.2d 250 (1998).

other things, damages under RCW 64.40.020. The following month, the Council rescinded its earlier decision and issued the permits. Our Supreme Court, on direct review from the trial court's summary dismissal of Mission Springs' claims, held that Mission Springs was entitled to money damages because the delay in issuing the permits was unlawful. The court did not address the question now before us.

The Browers claim that, like Mission Springs, they are entitled to damages despite the fact that the permit was ultimately issued. But the court did not expressly address in its opinion whether RCW 64.40 permits damages if the administrative process provides adequate relief. Moreover, Mission Springs, unlike the Browers, had vested rights in the permits that the Council refused to issue. Here, the Browers were merely in the application process and had no vested land use rights. Finally, the two actions have distinctly different procedural histories. Whereas Mission Springs commenced its action before the Council rescinded its decision, the Browers still had administrative remedies to pursue before resorting to judicial ones. For all of these reasons, that case does not support the Browers here.

The Browers nonetheless contend that the ultimately favorable administrative relief does not preclude recovery for the damages allegedly sustained here during the period between PALS denying the exemption and the hearing examiner reversing that denial. They rely on the statute's legislative history to support this argument. According to the Browers, the legislative intent was to authorize damage awards for the actions of administrative agencies like PALS. But the definition of "damages" allowed under the statute refutes their argument. RCW 64.40.010(4) states in part:

> "Damages" means reasonable expenses and losses, other than speculative losses or profits, incurred *between the time a*

*cause of action arises* and the time a holder of an interest in real property is granted relief as provided in RCW 64.40.020.[21]

When given its plain meaning, this subsection authorizes damages only for expenses and losses that are incurred after a cause of action under the statute arises. As discussed, a cause of action arises only when the administrative process fails to provide adequate relief. Because the Browers received adequate relief through the administrative process, they have no cause of action—and no right to damages—under RCW 64.40.020.

The Browers argue that RCW 64.40.020 is rendered "useless" if it is construed as not allowing damages when an applicant prevails on administrative review. But none of the cases that they cite in support of their argument involve a situation where the applicant prevails in an administrative appeal and then is awarded damages under RCW 64.40.020 by the superior court.[22]

Moreover, because the statute provides relief to applicants who have not received adequate relief through the administrative process, it is not "useless." The most reasonable view of this legislation is that the Legislature created a cause of action only for those landowners who receive inadequate relief. As the court held in *Smoke*, "One of the primary purposes of the doctrine to exhaust administrative remedies is to provide a more efficient process and allow the agency to correct its own mistakes."[23] If, through the administrative process, an agency does correct its earlier mistake, the problem is remedied and judicial remedies are not ordinarily warranted.

█ For the first time on appeal, the Browers argue that

---

[21](Emphasis added.)

[22]These cases are: *Smoke*, 132 Wn.2d 214; *Cox v. City of Lynnwood*, 72 Wn. App. 1, 863 P.2d 578 (1993); *Ivy Club Investors Ltd. Partnership v. City of Kennewick*, 40 Wn. App. 524, 699 P.2d 782, *review denied*, 104 Wn.2d 1006 (1985); and *View Ridge Park Assocs. v. Mountlake Terrace*, 67 Wn. App. 588, 839 P.2d 343 (1992), *review denied*, 121 Wn.2d 1016 (1993). In none of these cases does a landowner receive RCW 64.40 damages after prevailing in an administrative review.

[23]*Smoke*, 132 Wn.2d at 226.

PALS, not the County, is the agency within the meaning of the statute for damages and that its action in denying the exemption triggers a right to relief. We will not consider arguments that are made for the first time on appeal.[24]

The Browers argue that PALS acted arbitrarily and capriciously when it denied them an exemption from wetlands review. They also assert for the first time on appeal that the County is collaterally estopped by the hearing examiner's decision from arguing that PALS' action was not arbitrary and capricious. In view of our above resolution of the case, such claims are not material for purposes of the summary judgment analysis.

Because the Browers assign error to the trial court's denial of their motion for reconsideration, but fail to argue that assignment of error, we conclude that they have abandoned that argument.[25] Therefore, we will not consider this issue.

Likewise, the Browers do not argue 42 U.S.C. §§ 1983 or 1988. Accordingly, we do not consider those statutes.

## III. Attorney Fees

The Browers request attorney fees on appeal as the prevailing party under RCW 64.40.020(2).[26] Because they have not prevailed, we deny their request for attorney fees.

We affirm the order granting summary judgment.

KENNEDY, C.J., and GROSSE, J., concur.

[24]RAP 2.5(a).

[25]RAP 10.3(a)(5); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

[26]"The prevailing party in an action brought pursuant to this chapter may be entitled to reasonable costs and attorney's fees."