[No. 66322-4-I.   Division One.   April 16, 2012.]

WENDY BIRNBAUM, *Appellant*, v. PIERCE COUNTY, *Respondent*.

*Charles A. Klinge* and *Brian D. Amsbary* (of *Groen Stephens & Klinge LLP*), for appellant.

*Mark E. Lindquist, Prosecuting Attorney*, and *Jill Guernsey* and *Daniel R. Hamilton, Deputies*, for respondent.

*Brian T. Hodges* on behalf of Pacific Legal Foundation, amicus curiae.

¶1 APPELWICK, J. — Pierce County approved Birnbaum's permit application five years after she submitted it. Birnbaum sued pursuant to chapter 64.40 RCW, alleging that the County exceeded legally established time limits

and made arbitrary and capricious requests for additional information. The trial court dismissed the claim under CR 12(b)(6). We affirm.

## FACTS

¶2 On February 23, 2005, Wendy Birnbaum filed an application with Pierce County (County) for a conditional use permit to build a recreational vehicle park and campground. The County held a public hearing on August 2, 2006. On September 21, 2006, the hearing examiner issued a report and decision determining that Birnbaum did not provide sufficient information. Specifically, the decision stated that "[t]he applicant has not presented sufficient evidence to allow the Examiner to make the findings required. . . . The site plan does not provide sufficient detail of proposed uses, buffering, setback, access, and design." Further, the hearing examiner found that the application did not "provide sufficient analysis of the impact of traffic" and "should be returned . . . for further review." But, it allowed that "[i]n the alternative, the applicant may consider this decision a final denial of the conditional use application for purposes of appeal."

¶3 Birnbaum did not appeal. Instead, on December 8, 2006, she submitted a revised plan and requested a new public hearing. A hearing was scheduled for May 31, 2007, but continued to June 6, 2007. For unknown reasons, the public hearing was not actually held until December 16, 2009. On March 15, 2010, the hearing examiner approved the permit.

¶4 The final approval indicates that Birnbaum submitted another new site plan on July 13, 2008, and subsequent plan revisions on August 17, 2009, December 14, 2009, and January 19, 2010. There is no information in the record linking these revisions to demands for additional information or detailing what they contained.

¶5 Thirty days after the final decision, Birnbaum filed a complaint against the County. She alleged that the County

failed to act within time limits established by law and made repeated demands for additional information that were arbitrary, capricious, unlawful, and exceeded its lawful authority.

¶6 The County filed a motion to dismiss under CR 12(b)(6). The trial court granted the motion to dismiss solely on the basis that granting the permit was adequate relief.

## DISCUSSION

¶7 We conduct de novo review of an order granting a CR 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Cutler v. Phillips Petroleum Co.*, 124 Wn.2d 749, 755, 881 P.2d 216 (1994). Dismissal is proper only when we can determine, beyond a reasonable doubt, that there are no facts that would justify recovery. *Id.* Thus, a CR 12(b)(6) motion warrants dismissal only in the unusual case in which the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. *Id.* The plaintiff's allegations are presumed to be true. *Id.* We may also consider documents whose contents are alleged in the complaint. *Rodriguez v. Loudeye Corp.*, 144 Wn. App. 709, 726, 189 P.3d 168 (2008).

## I. Action for Damages under Chapter 64.40 RCW

¶8 RCW 64.40.020(1) grants permit applicants a limited cause of action for damages to obtain (1) "relief from acts of an agency which are arbitrary, capricious, unlawful, or exceed lawful authority" or (2) "relief from a failure to act within time limits established by law." But, a cause of action arises only when there is an "act" that is either (1) "a final decision by an agency which places requirements, limitations, or conditions upon the use of real property in excess of those allowed by applicable regulations," or (2) "the failure of an agency to act within time limits established by law." RCW 64.40.010(6). Any action "shall be commenced

only within thirty days after all administrative remedies have been exhausted." RCW 64.40.030. "Damages" means reasonable expenses and losses, other than speculative losses and profits, incurred between the time a cause of action arises and the time a holder of an interest in real property is granted relief. RCW 64.40.010(4).

¶9 Birnbaum makes claims under each statutory prong. She primarily argues that the County exceeded applicable time limits. She also claims that the County's demands for additional information were arbitrary, capricious, unlawful, and exceeded its lawful authority.

A. Damages under the "Failure to Comply with Time Limits" Prong

¶10 Birnbaum's primary claim is that the County failed to comply with established time limits. RCW 36.70B.080 requires local governments to maintain regulations that require a permit decision within 120 days, and the Pierce County Code (PCC) requires a final decision on a complete permit application within 120 days. PCC 18.100-.010. When the County requests that an applicant correct plans, perform required studies, or provide additional information, then the time spent preparing the additional information is not included in the 120 days. PCC 18.100.020.

¶11 The County argues the 30 day limitations period began to run when the 120 day period expired and thus expired long before Birnbaum filed her complaint. In contrast, Birnbaum argues that her complaint was timely because she could not file her lawsuit until the County issued its final decision. Birnbaum's reading is simply untenable.

¶12 The statutory language is unambiguous. An act occurs when there is *either* a final decision *or* a failure to act within established time limits. RCW 64.40.010(6). Every claim under chapter 64.40 RCW is subject to the 30 day statute of limitations in RCW 64.40.030. *Callfas v. Dep't of*

*Constr. & Land Use*, 129 Wn. App. 579, 593, 120 P.3d 110 (2005). The 30 day limitations period begins when all available administrative remedies are exhausted. RCW 64.40.030. But, no exhaustion is required if there is no adequate administrative remedy. *Smoke v. City of Seattle*, 132 Wn.2d 214, 224-25, 937 P.2d 186 (1997).

¶13 Here, Birnbaum herself argues that there is no adequate administrative remedy for failure to timely process a permit. Thus, the limitations period began when the 120 day time limit was exceeded. Birnbaum filed her application on February 23, 2005. The hearing examiner approved the permit on March 15, 2010. It is beyond dispute that she knew the 120 day time limit had been exceeded far longer than 30 days when she filed her complaint against the County on April 14, 2010. Her claim was time barred.[1]

¶14 Birnbaum argues that *Callfas* and *Hayes v. City of Seattle*, 131 Wn.2d 706, 934 P.2d 1179, 943 P.2d 265 (1997) support her conclusion. However, neither *Hayes* nor *Callfas* involved a violation of time limits as the basis of the cause of action. In *Hayes*, the city council issued a conditional approval and Hayes appealed to the superior court. *Id.* at 709. On remand, the city council reversed course and approved the permit without the condition. *Id.* at 710. Within 30 days of the approval Hayes filed suit for damages incurred during the appeal to the superior court. *Id.* The city argued that the suit was untimely since it was not brought within 30 days of the original decision conditioning the permit. *Id.* at 714. The Supreme Court was not persuaded that Hayes had to file a complaint within 30 days of the conditional approval. *Id.* at 716. Rather, the *Hayes* court determined that there was no action triggering the statute of limitations until the city's final decision. *Id.* But, that conclusion does not help Birnbaum. Hayes challenged a

---

[1] Birnbaum argues that this conclusion cannot be correct because any available damages would be minimal and it is too difficult for an applicant to keep track of tolling periods and when the time limit has expired. These are limitations which flow from the language of the statute. We are not at liberty to rewrite them.

permit decision, not a violation of a time limit. The *Hayes* court did not hold that an applicant cannot challenge a failure to comply with a time limit until there is a final decision, and it is not a fair inference from that decision.

¶15 In *Callfas*, we concluded that an action for damages is not ripe until the city has, in fact, acted. 129 Wn. App. at 598. As in *Hayes*, Callfas made no claim for failure to act within an established time limit. *Id.* at 597.

¶16 Insofar as Birnbaum sued the County for damages based on failure to comply with established time limits, the County's CR 12(b)(6) motion to dismiss was properly granted.

B. Damages under the "Final Decision" Prong

¶17 The question remaining is whether Birnbaum has stated a claim for damages based on arbitrary and capricious actions or delays under the final decision prong of the statute. An "act" for this purpose is "a final decision by an agency which places requirements, limitations, or conditions upon the use of real property in excess of those allowed by applicable regulations in effect on the date an application for a permit is filed." RCW 64.40.010(6). The statute focuses on the content of the final decision, the permit, and nothing else. To the extent these requirements, limitations, or conditions are found to be arbitrary and capricious or otherwise unlawful, chapter 64.40 RCW provides for damages while obtaining relief from those terms. "Damages" are reasonable expenses and losses incurred between the time a cause of action accrues and the time relief is granted. RCW 64.40.010(4).

¶18 Birnbaum's complaint does not allege that the final 2010 permit approval places requirements, limitations, or conditions upon her real property that gave rise to her damages. Rather, she seeks damages for costs and delays that occurred while the County processed the application, *before the permit issued*. When the statutory definition of "damages" is given its plain meaning, it authorizes damages

only for expenses and losses that are incurred *after* a cause of action under the statute arises. RCW 64.40.010(4); *Brower v. Pierce County*, 96 Wn. App. 559, 566, 984 P.2d 1036 (1999). Birnbaum has not alleged damages that are defined as recoverable under the statute.

¶19 Birnbaum argues that her claim should survive because case law contemplates delay damages and, specifically, a claim for arbitrary delay occurring prior to a final decision which may be brought once the permit decision is final. That position is not supportable.

¶20 In *Callfas*, we considered the propriety of a "continuing violation" claim when the city requested numerous corrections to an application but had not yet issued a decision. 129 Wn. App. at 580-81, 590. The court stated, "Sympathetic though we may be to the Callfases' frustration over four years of delay, we cannot read chapter 64.40 RCW as permitting a general cause of action for arbitrary and capricious administrative delay in processing a permit application." *Id.* at 592. We explained that "delay in processing or granting a permit may be actionable under chapter 64.40 RCW as an 'arbitrary and capricious[ ]' final decision, or an 'arbitrary and capricious' failure to act within the time limits established by law." *Id.* at 596.[2] But, the claim here is not what was contemplated by that statement.

¶21 Rather, the *Hayes* and *Mission Springs, Inc. v. City of Spokane*, 134 Wn.2d 947, 954 P.2d 250 (1998), decisions are examples of how the statute applies to delay damages under the final decision prong. In *Mission Springs*, the city council voted to withhold a grading permit from an applicant that had a legally vested right to the permit. *Id.* at 953-54. The applicant sued for delay damages within 30 days of the vote, and the city ultimately rescinded its vote.

---

[2] *Callfas* stated, "Indeed, a permit applicant like the Callfases would have a claim under chapter 64.40 RCW for delay damages, as we noted above, without a writ once the tardy permit was issued." *Callfas*, 129 Wn. App. at 597. This statement is not reconcilable with the statutory definition of "damages," which that opinion had no occasion to analyze. We respectfully reject it.

*Id.* at 954, 957. The Supreme Court determined that the applicant could pursue delay damages. *Id.* at 961-62. But, those damages were incurred only *after* the city council made a final decision by affirmatively voting to withhold the permit. Likewise, the *Hayes* court allowed damages, but the damages were incurred *after* the city council placed an arbitrary restriction on the permit. 131 Wn.2d at 717-18.

¶22 Under the final decision prong, the final decision is the act that triggers the cause of action. The definition of "damages" limits recovery to those damages that occur *after* the cause of action accrues. Simply put, the statute does not contemplate damages—for delay or otherwise—under the final decision prong that occurred *prior* to the final decision.

¶23 Insofar as Birnbaum's claims were based upon arbitrary and capricious requests for more information and delay prior to the final decision, the claim seeks damages not recoverable under this prong of the statute. Dismissal of these claims under CR 12(b)(6) was proper.

II. The Adequate Relief Theory

¶24 The trial court determined that because the permit was granted, Birnbaum received adequate relief and, pursuant to *Brower,* was not entitled to damages under chapter 64.40 RCW. The Browers filed a short plat application with the Pierce County Planning and Lands Service Department (PALS). *Brower,* 96 Wn. App. at 560. They believed that improvements to an existing access road would be exempt from wetlands review. *Id.* at 561. But, PALS did not grant the wetlands review exemption because it determined the access point was just a dirt path, not an existing road. *Id.* The Browers appealed the PALS decision to a hearing examiner. *Id.* The hearing examiner reversed, concluding that the improvements were exempt from wetlands review. *Id.* The Browers sued pursuant to chapter 64.40 RCW for damages for "the expense of delay and other harms" incurred subsequent to the hearing examiner's decision during the administrative appeal. *Id.*

¶25 This court reasoned that an applicant cannot bring a claim unless (1) it has exhausted all administrative remedies and (2) the relief granted by the administrative remedy is inadequate. *Id.* at 563-64. The Browers administratively appealed the adverse wetlands exemption decision and obtained the relief they sought: reversal. *Id.* at 561. Because the Browers received adequate relief, they had no cause of action—and no right to damages— while exhausting administrative remedies. *Id.* at 566.

¶26 However, *Brower* does not stand for the proposition that as a matter of law, the grant of a permit is adequate relief that precludes every action for damages under chapter 64.40 RCW. The *Brower* court was not asked to decide that question. Here, adequate relief from exhaustion of administrative remedies was not available. Unlike *Brower*, the County's alleged arbitrary and capricious requests for more information were part and parcel of the permit review process and were not the subject of an administrative appeal or other form of exhaustion of administrative remedy. Likewise, there was no administrative remedy to exhaust for the claimed violation of the 120 day time limit. *Brower* does not apply here.

## III. Collateral Attack and Collateral Estoppel

¶27 The County also argues that Birnbaum's lawsuit is an impermissible collateral challenge to the 2006 decision that should have been brought as a Land Use Petition Act (LUPA), chapter 36.70C RCW, claim. Further, it argues that the lawsuit is barred by collateral estoppel because challenging the hearing examiner's 2006 decision requesting more information would be a second litigation of issues already decided.

¶28 The 2006 decision stated:

The request for a conditional use permit to allow establishment of a campground and associated recreational uses is hereby returned to Pierce County Planning and Land Services and the Pierce County Environmental Official for further review as set

forth above. In the alternative, the applicant may consider this decision a final denial of the conditional use application for purposes of appeal. Upon completion of review of the above items and the preparation of a more detailed site plan, this matter may be rescheduled for hearing with notice as in the first instance and specific written notice to parties of record.

Birnbaum did not treat it as a final decision and exercise her option to appeal. She exercised her option to submit a revised plan, which the County treated as part of the original application, not as a new application. Moreover, Birnbaum is challenging the County's requests for more information that occurred between the 2006 decision and the 2010 approval, not the request for more information in the 2006 decision itself. It belies logic to say that her claims were barred before the County even made the requests.

¶29 We agree that if this were a challenge to the 2006 decision, it would be precluded under one or more theories. However, the County's arguments are based on a mischaracterization of Birnbaum's claims. Accordingly, Birnbaum's lawsuit is not an impermissible collateral attack on the 2006 decision that should have been brought as a LUPA claim. Likewise, her claim is not collaterally estopped.

IV. Attorney's Fees

¶30 Both parties request attorney's fees pursuant to RAP 18.1 and RCW 64.40.020(2), which provides that the prevailing party "may be entitled to reasonable costs and attorney's fees." Because the County is the prevailing party, we award it reasonable costs and fees.

¶31 We affirm.

SPEARMAN, A.C.J., and BECKER, J., concur.

Reconsideration denied May 25, 2012.

Review denied at 175 Wn.2d 1018 (2012).