# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| KHUSHDEV MANGAT and HARBHAJEN MANGAT, and the marital Community comprised thereof, <br><br> Appellants, <br><br> v. <br><br> SNOHOMISH COUNTY, a political Subdivision of the State of Washington LUIGI GALLO, a single man, JOHANNES DANKERS and MARTHA DANKERS, and the marital community comprised thereof; <br><br> Respondents. | No. 68739-5-I/Linked w/67712-8-I <br><br> DIVISION ONE <br><br><br> UNPUBLISHED OPINION <br><br><br><br><br> FILED: August 26, 2013 |

SPEARMAN, A.C.J. — Because Khushdev and Harbhajen Mangat had no interest in real property owned by Johannes and Martha Dankers and Luigi Gallo, they had no standing to file a LUPA petition challenging the approval of the plat application subdividing the Dankers' and Gallo's real property. Additionally, the Mangats' writs of prohibition and mandamus seeking to enjoin approval of the plat application are barred by collateral estoppel. Finally, the Mangats' claim for damages under chapter 64.40 RCW for failure to timely act on an application for a permit is barred by the statute of limitations. We affirm the trial court.

## FACTS

This appeal arises out of the Mangats' failed attempt to purchase and develop two contiguous pieces of property, one owned by the Dankers and the other owned by

Gallo. The purchase and sale agreements contained identical terms: they allowed the Mangats to begin developing the land by seeking a plat application to subdivide the properties, but in the event the Mangats defaulted on their attempt to purchase, they were required to turn over all materials related to the plat application to the Dankers and Gallo.

The Mangats were unable to secure financing and defaulted. The Dankers and Gallo continued the plat application process started by the Mangats. The Mangats sued the Dankers, Gallo, and Snohomish County (County), arguing that the substitution of the Dankers and Gallo on the application amounted to an unconstitutional taking of their property and that it violated their right to substantive due process. That case was dismissed on summary judgment, and the appeal of that order, No. 67712-8-I, is linked with this appeal.

On May 11, 2011, a hearing examiner held a hearing on the plat application. On May 17, the hearing examiner entered a decision granting approval of the plat application. The Mangats filed an "appeal" of the hearing examiner's decision to the Snohomish County Council (Council). The Dankers and Gallo moved for dismissal of the appeal, and the Council granted dismissal on June 15, 2011.

On July 5, 2011, the Mangats filed a Land Use Petition Act (LUPA) appeal seeking review of decisions of the Council and the hearing examiner. The petition also

sought writs of mandamus and prohibition against the County, as well as damages against the County under chapter 64.40 RCW. Id.[1]

In September 2011, the County moved for partial summary judgment, seeking dismissal of the Mangats' LUPA petition and the claims for writs of mandamus and prohibition in the second lawsuit. Dankers and Gallo joined the motion. On October 19, 2011, Judge Farris dismissed the Mangats' LUPA petition and the claims for writs of mandamus and prohibition. On April 10, 2012, Judge Bowden dismissed the Mangats' remaining claim for damages against the County under ch. 64.40 RCW (for untimely processing of a permit application). The Mangats' appeal of those two orders is the subject of this opinion.

## DISCUSSION

The Mangats' petition challenged the decisions of the hearing examiner and the Council under LUPA, and it also alleged three causes of action: (1) an application for a writ of mandamus under RCW 7.16.160 compelling the County to rescind its decision permitting the Dankers and Gallo to continue with the plat application; (2) an application for a writ of prohibition under RCW 7.16.160 prohibiting the County to permit the Dankers and Gallo to continue with the plat application; and (3) an action for damage against the County for untimely processing of the application under ch. 64.40 RCW. We affirm summary judgment dismissal of these claims.

---

[1] The Mangats apparently had filed another lawsuit against Dankers and Gallo, claiming unjust enrichment. They voluntarily dismissed that lawsuit, however, and it is not at issue here.

Writs of mandamus and prohibition. The County argues the Mangats'

applications for writs of mandamus and prohibition are barred by collateral estoppel. We

agree.

Collateral estoppel, or issue preclusion, bars relitigation of an issue in a

subsequent proceeding involving the same parties and is distinguished from claim

preclusion, or res judicata, in that instead of preventing a second assertion of the same

claim or cause of action, it prevents a second litigation of issues between the parties,

even though a different claim or cause of action is asserted. Christensen v. Grant

County Hosp. Dist. No. 1, 152 Wn.2d 299, 306, 96 P.3d 957 (2004).

For collateral estoppel to apply, the County, as the party seeking application of

the doctrine, must establish that (1) the issue decided in the earlier proceeding was

identical to the issue presented in the later proceeding; (2) the earlier proceeding ended

in a judgment on the merits; (3) the party against whom collateral estoppel is asserted

was a party to, or in privity with a party to, the earlier proceeding; and (4) application of

collateral estoppel does not work an injustice on the party against whom it is applied.

Christensen, 152 Wn.2d at 307. Whether collateral estoppel applies is an issue of law

that we review de novo. Id. at 305.

Here, all four elements weigh in favor of application of collateral estoppel. The

applications for writs of mandamus and prohibition against the County presents an issue

identical to that already decided in the first lawsuit: whether the County should be

enjoined from processing the plat application. Additionally, the request for injunctive

4

relief in the first lawsuit ended in a judgment on the merits against the Mangats, who were parties to the litigation. Finally, application of collateral estoppel does not work an injustice on the Mangats, given they fully litigated the issue of injunctive relief against the county in the other proceeding. As such, summary judgment dismissal of the applications for writs of mandamus and prohibition was proper and we affirm.

LUPA challenge to decisions of hearing examiner and County Council. The County argues the Mangats do not have standing under LUPA to challenge the decisions of the hearing examiner and the County Council. We agree.

LUPA governs judicial review of Washington land use decisions. HJS Dev., Inc. v. Pierce County ex rel. Dep't of Planning and Land Servs., 148 Wn.2d 451, 467, 61 P.3d 1141 (2003). With certain exceptions, LUPA provides the "exclusive means of judicial review of land use decisions. . . ." RCW 36.70C.030(1). A person, other than the owner whose property is the subject of the land use decision, has standing to bring a petition under LUPA if that person is or would be "aggrieved or adversely affected" by the decision. RCW 36.70C.060(2). The Mangats' petition sought review under RCW 36.70C.060(2), alleging they were aggrieved or adversely affected persons.

A person is "aggrieved or adversely affected" for purposes of LUPA "only when all of the following conditions are present": (1) the person is prejudiced or likely to be prejudiced by the decision; (2) the local jurisdiction was required to consider that person's asserted interests in making its decision; (3) a favorable judgment would redress or substantially eliminate the prejudice; and (4) the person has exhausted her

administrative remedies. RCW 36.70C.060(2); Lauer v. Pierce County, 173 Wn.2d 242, 253-54, 267 P.3d 988 (2011).

None of these conditions are applicable to the Mangats. When the Mangats defaulted under their purchase and sale contracts with the Dankers and Gallo, they lost the right to purchase the property and were required to turn over to the Dankers and Gallo the maps, drawings, reports and other work product related to the subdivision of the land. There was at that point nothing left for the Mangats to own, and they no longer had any interest in the land being subdivided. As we held in our opinion of the Mangats' other appeal, "the Mangats had no interest, prospective or otherwise, in the Dankers' or Gallo's properties." As such, the County had no obligation to consider the Mangats' asserted interests in deciding whether to approve the plat application, and the Mangats suffered no prejudice from the subdivision. In other words, the Mangats were not "aggrieved or adversely affected" by the approval of the plat, and they had no standing under LUPA.

Claim for damages under chapter 64.40 RCW. The County argues the trial court properly dismissed the Mangats' claim for damages under chapter 64.40 RCW because it was time barred. We agree.

Chapter 64.40 RCW sets forth a cause of action for owners of a property interest who have filed an application for a permit where an agency fails to act on the permit in a timely fashion:

> Owners of a property interest who have filed an application for a
> permit have an action for damages to obtain . . . relief from a failure to
> act within time limits established by law . . . .

RCW 64.40.020(1). Here, the Mangats claimed the County failed to act on the permit within the 120 day time period established by RCW 36.70B.080(1) and Snohomish County Code (SCC) 30.70.110. The County admits it failed to act on the application within the 120 day time period, which expired in June 2008. The County argues, however, that the Mangats' failure-to-act claim is barred by the following 30-day limitation period set forth in the statute:

> Any action to assert claims under the provisions of this chapter shall
> be commenced only within thirty days after all administrative
> remedies have been exhausted.

RCW 64.40.030.

We agree with the County. Birnbaum v. Pierce County, 167 Wn. App. 728, 274 P.3d 1070, review denied, 175 Wn.2d 1018, 290 P.3d 994 (2012), a recent decision by this court, is instructive on this issue. In that case, the plaintiff submitted an application for a conditional use permit to build a recreational vehicle park and campground in 2005, but the hearing examiner did not approve the permit until 2010. Birnbaum, 167 Wn. App. at 734. We noted that according to the plain language of RCW 64.40.030 any action asserting "claims under the provisions of this chapter shall be commenced only within thirty days after all administrative remedies have been exhausted." Because it was undisputed there was no adequate administrative remedy, we concluded that the statute of limitations commenced when the 120 day time limit was exceeded. We then

held that Birnbaum's claim was time barred because it was beyond dispute that more than thirty days had passed since the County had failed to act on the permit in 2005.

The Mangats' attempt to distinguish Birnbaum by claiming that their appeal to the county council of the hearing examiner's decision granting the plat application was an administrative remedy for their delay claim. Thus, they contend that the limitations period did not commence until the county council denied their appeal on June 15, 2011. The contention is without merit. Chapter 64.40 RCW does not set forth any administrative remedies for failure to timely process a permit application. Moreover, the Mangats cite no authority for their proposition that an appeal to the Council is an administrative process designed to deal with claims for failure to timely process permit applications. The decision of the Council was simply a review of the plat application, not an administrative remedy for failure to timely process. As was the case in Birnbaum, "the limitations period began when the 120 day time limit was exceeded." Birnbaum, 167 Wn. App. at 734. Here, that limit was exceeded in June 2008, and the Mangats' claim therefore expired before they filed suit in July 2011.[2]

The Mangats next argue the thirty-day statute of limitation should have been tolled because the County failed to comply with SCC 30.70.110(5), which requires the

---

[2] The Mangats also argue they have a claim for damages under RCW 64.40.020 for the County's inaction in processing the application, which they describe as an "arbitrary delay" that fits within the "final decision" prong of the statute. There is no cause of action, however, for arbitrary delay under that prong of the statute, and we reject the argument. See Birnbaum, 167 Wn. App. at 737; Coy v. City of Duvall, __ Wn. App. __, 298 P.3d 134 (2013). Additionally, we decline the Mangats' invitation to depart from Birnbaum.

County to notify a permit applicant in writing if the County fails to act on the permit in a timely fashion:

> The county shall notify the applicant in writing if a notice of final decision on the project has not been made within the time limits specified in this section. The notice shall include a statement of reasons why the time limits have not been met and an estimated date of issuance of a notice of final decision.

SCC 30.70.110(5). But nothing in the plain language of this provision addresses tolling a cause of action under chapter 64.40 RCW for failure to timely act on a permit, and the Mangats cite no other authority in support of their argument. Nor do they contend that their failure to timely file a claim against the County occurred because the County did not provide the notice required in the ordinance. Moreover, the Mangats do not dispute that they were well aware of when the time for the County to act on their application had exceeded 120 days.[3] As we stated in Birnbaum, the onus of keeping track of when the 120 day time limit for failure of the County to act is upon the applicant. Birnbaum, 167 Wn. App. at 734, n.1. We reject the Mangats' arguments on this issue, and affirm dismissal of the claim.

Attorney fees on appeal. The Dankers and Gallo, along with the County, both request an award of attorney fees on appeal under RAP 18.1 and RCW 4.84.370, which provides for reasonable fees and costs incurred in appeal of a decision relating to development permits:

---

[3] It is undisputed that in filing the application, the Mangats were assisted by a consultant who had worked as a senior planner for Snohomish County for 18 years, and by his own declaration, was familiar with the running of the 120 day time period.

9

(1) Notwithstanding any other provisions of this chapter, reasonable attorneys' fees and costs shall be awarded to the prevailing party or substantially prevailing party on appeal before the court of appeals or the supreme court of a decision by a county, city, or town to issue, condition, or deny a development permit involving a site-specific rezone, zoning, plat, conditional use, variance, shoreline permit, building permit, site plan, or similar land use approval or decision. The court shall award and determine the amount of reasonable attorneys' fees and costs under this section if:

    (a) The prevailing party on appeal was the prevailing or substantially prevailing party before the county, city, or town, or in a decision involving a substantial development permit under chapter 90.58 RCW, the prevailing party on appeal was the prevailing party or the substantially prevailing party before the shoreline hearings board; and

    (b) The prevailing party[s] on appeal was the prevailing party or substantially prevailing party in all prior judicial proceedings.

(2) In addition to the prevailing party under subsection (1) of this section, the county, city, or town whose decision is on appeal is considered a prevailing party if its decision is upheld at superior court and on appeal.

RCW 4.84.370.

The County, the Dankers, and Gallo substantially prevailed in this appeal, which is about approval of a plat application, and both prevailed at the trial court. Additionally, the Mangats failed to respond to this issue in their briefing. As such, we award reasonable fees and costs to both the County and to the Dankers and Gallo.

Affirmed.

_Spearman, A.C.J._

WE CONCUR:

_Cox, J._                    _Dwyer, J._